IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ESMERALDA RODRIGUEZ,<br>Plaintiff<br><br>v.<br><br><br>LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON,<br>Defendant | §<br>§<br>§<br>§<br>§    CIVIL ACTION NO.<br>§      5:18-cv-1247<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Liberty Life Assurance Company of Boston wrongfully denied Esmeralda Rodriguez's claim for short-term and long-term disability benefits.

### I. PARTIES

1. Plaintiff Esmeralda Rodriguez is a resident of San Antonio, Bexar County, Texas.

2. Defendant Liberty is an insurance company licensed to do business in Texas and can be served with citation by serving its agent for service of legal process Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### II. JURISDICTION AND VENUE

3. This lawsuit is a claim for disability benefits provided by an ERISA welfare benefit plan brought under 29 U.S.C. §1132(a)(1)(B). This court has

jurisdiction over this claim for disability benefits under 29 U.S.C. §1132(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Venue is proper in the Western District of Texas, San Antonio Division, in accordance with 29 U.S.C. 1132(e)(2) as the disability benefit payment obligations under the plan are to Rodriguez at her home in San Antonio, Texas.

### III.  STATEMENT OF FACTS

4. Esmeralda Rodriguez worked for H-E-B grocery stores in San Antonio for approximately fifteen years before she became disabled. Twelve of those years were in management. As of February 19, 2018, she could no longer sustain the material and substantial duties of her own occupation due to symptoms of severe depression, severe anxiety, panic disorder, and post-traumatic stress disorder.

5. By virtue of her employment with H-E-B, Rodriguez had short-term disability (STD) and long-term disability (LTD) coverage under the H-E-B group disability policy. The LTD coverage is an employer-sponsored group benefit plan administered and underwritten by Liberty.

6. Rodriguez's first day of disability was February 19, 2018. Due to her severe symptoms, she was promptly approved for STD benefits, which were paid from February 27, 2018 until July 31, 2018. Since her STD benefits were about to expire, and she remained disabled, she also made a claim for LTD benefits. The H-E-B group disability policy provides STD benefits for a maximum period of 180 days. If a claimant remains disabled for more than 180 days, he or she

transitions to LTD benefits. Had Liberty paid Rodriguez for the maximum period for which STD benefits are available under the policy, she would have been paid benefits through August 17th, 2018. Since she could not return to work due to her impairments, LTD benefits should have commenced on August 18th, 2018.

7. Although the symptoms of Rodriguez's depression, panic disorder, severe anxiety, and post-traumatic stress disorder did not improve, Liberty determined that she was no longer disabled after July 31st, 2018. Liberty sent Rodriguez a letter dated July 24, 2018, notifying her that her STD benefits were terminated after July 31st, 2018 and that her claim for LTD benefits was denied.

8. Rodriguez timely appealed Liberty's denial by letter dated August 27, 2018. She appealed the denial of additional STD benefits as well as the denial of LTD benefits. She provided additional medical records and personal narratives that supported her claim for continued STD benefits and LTD benefits due to her depression, severe anxiety, panic disorder, and post-traumatic stress disorder.

9. Despite the medical evidence of her continued disability, Liberty denied her appeal by letter dated October 2, 2018, affirming the previous adverse benefit determination that her STD benefits were terminated after July 31, 2018. Liberty made no mention of her LTD appeal in the October 2, 2018 adverse benefit determination, but it can be inferred by the denial of STD benefits that her appeal of the denial of LTD benefits was also denied. Absent this inference, Liberty has violated the claims regulations for ERISA claims established by the Secretary of the U.S. Department of Labor by not deciding Rodriguez's LTD appeal in a timely

manner, and therefore, in accordance with those regulations, the LTD appeal is considered denied and Rodriguez is considered to have exhausted her administrative rights under ERISA regulations and the plan regarding her LTD claim and appeal.

### Exhaustion of Appeal Requirements

10. Rodriguez exhausted her appeal rights as required by the policy and ERISA claims regulations as to both her STD claim and LTD claim.

### Liberty's Decision Was Contrary to a Preponderance of the Evidence, or, in the Alternative, Was an Abuse of Discretion

11. If the standard of review of Liberty's decision is determined to be de novo, the default standard of review for ERISA benefit denials, then Liberty's decision to terminate Rodriguez's STD benefits after July 31st, 2018, and its decision to deny her LTD claim, was contrary to the preponderance of the evidence. If Liberty is found to have been granted proper discretionary authority by the plan that allows for an abuse of discretion standard of review, Liberty's decision to deny Rodriguez further STD benefits and LTD benefits was an abuse of that discretion.

12. In the alternative, even if there is language in the policy or plan-related documents that is interpreted to grant Liberty discretion, such discretionary language is unenforceable as to Rodriguez's claims because it is a violation of Texas law to seek enforcement of a discretionary clause in a disability policy against an insured living in Texas. Texas Insurance Code, §1701.062, and 28

4

Texas Administrative Code §§3.1201-3.1203. This anti-discretionary statute and its accompanying regulations are not preempted by ERISA.

13. Rodriguez's STD benefits should have continued after July 31, 2018. The STD plan provisions entitle her to 100% of her pre-disability pay less applicable offsets. Rodriguez earned approximately $3,386.93 per month prior to her disability.

14. Rodriguez's LTD benefits should have commenced on August 18th, 2018. The LTD plan provisions entitle her to 66 2/3% of her pre-disability pay less applicable offsets.

15. Since Liberty's decision to deny Rodriguez LTD benefits resulted in Liberty saving money, as the carrier was both the decision-maker and the underwriter of benefits, Liberty acted under a conflict of interest when it decided Rodriguez's claim and her appeal. If abuse of discretion is determined to be the proper standard of review, this conflict of interest should be considered as a factor by this Court in determining whether or not Liberty abused its discretion.

### IV.  CAUSE OF ACTION UNDER ERISA

#### Claim for Disability Benefits

16. Since Liberty wrongfully terminated her STD benefits as of July 31, 2018, and wrongfully denied her LTD benefits, Rodriguez seeks to recover her disability benefits from August 1, 2018 to the present under the authority of 29 U.S.C. §1132(a)(1)(B) of ERISA.

## V.  RELIEF REQUESTED

17.  Rodriguez is entitled to STD benefits in the amount of $781.60 per week beginning on August 1, 2018 and ending on August 17, 2018, the end of the maximum period for STD benefits.   Rodriguez is entitled to the sum of $1,786.51 in STD benefits.

18.  Rodriguez is entitled to LTD benefits at the rate of $2,259.08 per month (her pre-disability monthly pay of $3,386.93 x .667) beginning August 18, 2018.  As of April 18, 2019, she is entitled to the sum of $18,072.64 in LTD benefits ($2259.08 x 8 months).

## VI.  ATTORNEY'S FEES

19.  Rodriguez prays for her attorney's fees and costs under 29 U.S.C.A. 1132(g).

## CONCLUSION

Wherefore, premises considered, Rodriguez requests back benefits in the amount of $19,859.15 plus monthly disability benefits that accrue after April 18, 2019 but while this case is pending at the rate of $2259.08 per month.  She also requests her attorney's fees, for pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which she may show herself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Travis Building
405 N. St. Mary's Street, Suite 242
San Antonio, Texas  78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By:   */s/ Jeffrey E. Dahl*
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Attorney for Plaintiff Esmeralda Rodriguez**