IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ESMERALDA RODRIGUEZ,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** |
| | § | **5:18-cv-1247 XR** |
| | § | |
| **LIBERTY LIFE ASSURANCE** | § | |
| **COMPANY OF BOSTON,** | § | |
| **Defendant** | § | |

**JOINT FED. R. CIV. P. 26 REPORT**

1. There are no jurisdictional issues in this case. The parties agree that this court has federal question jurisdiction since this is a claim for disability benefits brought under 29 U.S.C. 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA).

2. There are no parties who have not been served.

3. Plaintiff Rodriguez's claim is for disability benefits brought under 29 U.S.C. 1132(a)(1)(B) of ERISA. Defendant denies that Plaintiff is entitled to any relief by this action. The Plaintiff's claim arises under ERISA.

The parties disagree on the burden of proof:

The Defendant contends that since the relevant plan documents contain appropriate discretionary language, the Court must review it under the abuse of discretion standard, and the decision reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. Alternatively, any recovery by Plaintiff must be reduced by other income earned by Plaintiff, including disability income from the Social Security Administration.

Plaintiff contends that the discretionary language within the plan documents is unenforceable due to the statute in the Texas Insurance Code that prohibits discretionary clauses in disability policies sold in Texas. The Plaintiff contends that the statute is not preempted by ERISA, and therefore this case must be reviewed under a preponderance of the evidence standard.

4. The parties agree that the primary evidence in this case will be the documents within the administrative record as produced by Defendant. The parties stipulate that there will be no live testimony since this is an ERISA case that involves the Court's review of the record and Liberty's decision to deny disability benefits.

Plaintiff asserts that there may be additional factual evidence beside the administrative record but if so it will be limited to show the completeness of the administrative record, whether Liberty complied with ERISA's procedural regulations, and the existence and extent of a conflict of interest in Liberty's dual role of making benefit determinations and funding the plan. *Crosby v. Louisiana Health Service and Indem. Co*, 647 F.3d 258, 263 (5th Cir. 2011).

Defendant contends that, as this matter is a claim for ERISA benefits allegedly due, no discovery is required or permitted in this case other than production of the relevant administrative record and plan documents. In this posture, a relatively short discovery period of 45 to 60 days should be adequate.

5. In regards to the items identified in Fed.R.Civ.P. 26(f)(3), Plaintiff asserts that limited discovery is permitted. Specifically, under the authority of *Crosby,* discovery is permitted as to the completeness of the administrative record, whether the plan administrator complied with ERISA's procedural regulations, and the existence and extent of a conflict of interest in Liberty's dual role of making benefit determinations and funding the plan. *Crosby*, 647 F.3d 258, 263 (5th Cir. 2011). If the Plaintiff engages in discovery, such discovery will be limited to requests for production, requests for admissions, and interrogatories over the subject matter previously described.

The parties do not anticipate any issues regarding attorney-client privilege or work-product protection, electronically stored information, nor should any changes be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.

6. No discovery has been completed. Plaintiff's discovery, if any, will be limited to interrogatories, requests for production, and admissions over the *Crosby* issues previously described. Defendant contends that, as this matter is a claim for ERISA benefits allegedly due, no discovery is required or permitted in this case other than production of the relevant administrative record and plan documents, which have already been produced with Defendant's Initial Disclosures. There is no need for phases of discovery.

7. No discovery disputes exist at this time.

8. The parties don't believe anticipate any issues regarding attorney-client privilege or work product protections under Federal Rule of Evidence 502.

9. The parties have not discussed mediation. They intend to discuss the resolution of this matter without the use of a mediator. After discussion, if they have a reasonable belief that this case might be resolved through mediation, then the parties will be amenable to mediation.

Respectfully Submitted,

LAW OFFICE OF JEFFREY E. DAHL

*/s/ Jeffrey E. Dahl*

Jeffrey E. Dahl
State Bar No. 05310900
405 N. St. Mary's Street, Suite 242
San Antonio, Texas 78205
(210) 527-0900
(210) 527-0901 (telecopy)
jdahl@erisaattorneyintexas.com

Attorney for Plaintiff Esmeralda Rodriguez

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

*/s/ Iwana Rademaekers (with permission)*

Iwana Rademaekers
State Bar No. 16452560
14785 Preston Road, Suite 550
Dallas, Texas 75254
(214) 579-9319
(469) 444-6456 (telecopy)

Attorneys for Defendant
Liberty Life Assurance Company of Boston

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Iwana Rademaekers, Esq.
Law Offices of Iwana Rademaekers P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254

___March 4, 2019__________ _/s/ *Jeffrey E. Dahl*________________
Date